Henry S. KAHN, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Surgeon General, Public Health Service, and Secretary of the Army, Defendants.

Civ. A. No. 69–271.

United States District Court
D. Massachusetts.

July 25, 1969.

William P. Homans, Jr., Boston, Mass., Leonard B. Boudin, Rabinowitz, Boudin & Standard, New York City, Allan R. Rosenberg, Boston, Mass., for plaintiff.

Herbert F. Travers, Jr., U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for defendants.

## MEMORANDUM AND RULING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

JULIAN, District Judge.

The plaintiff has moved that the defendant Secretary of the Army "be enjoined, *pendente lite*, from taking any action with respect to inducting the plaintiff into the United States Army or allocating said plaintiff to any other branch of the armed forces for active duty therein."

The motion is accompanied by plaintiff's affidavit to which are attached Exhibits A through G.

I have considered plaintiff's amended complaint, his affidavit and the exhibits attached thereto, and the memoranda and arguments submitted by his counsel at the hearing on the motion.

It appears from the amended complaint and from the affidavit that plaintiff is 25 years old and graduated from the Harvard Medical School in June 1968 with the degree of Doctor of Medicine.

On May 6, 1968, he applied for appointment as a commissioned officer in the Reserve Corps of the U. S. Public Health Service and requested that he be assigned to the Commissioned Officer Residency Deferment Program (CORD) administered by the Public Health Service, Department of Health, Education, and Welfare (hereinafter "Department").

By letter of August 15, 1968 (Affidavit Exhibit B) the chief of a branch in the Department's Office of Personnel confirmed plaintiff's selection for sponsorship under the CORD program "contingent upon your being found fully qualified for a commission in the Public Health Service." The letter continued,

"Your application for a commission will now be processed. Only if you are commissioned will the Selective Service System be requested to place you in a deferred status. * * * This letter should not be construed as an appointment to the Commissioned Corps or the CORD Program."

Plaintiff asserts in his affidavit that on August 29, 1968, he was given and passed a physical examination in connection with his application, and that on or about October 14, 1968, he was informed by the assistant chief of the "Epidemic Intelligence Service" that the only step remaining in the processing of the application was a "routine security check."

By letter dated December 12, 1968 (Affidavit Exhibit D), the Chief of the Employment Operations Branch, Commissioned Personnel Operations Division, Office of Personnel and Training in the Department, informed the plaintiff that upon completion of the evaluation of his application it had been determined that he did not "meet the standards for such appointment." The letter went on to say,

"Although you were tentatively selected for assignment to the Commissioned Officer Residency Deferment (CORD) Program of the Service, contingent upon your being found fully qualified for appointment, it will not be possible for you to participate in that Program."

By letter of December 19, 1968 (Affidavit Exhibit G) the Chief of the above-named Branch informed plaintiff's Local Selective Service Board that

"The Public Health Service has discontinued consideration for appointment in the Commissioned Corps of the registrant identified above [the plaintiff]. Previous notice of consideration was furnished you on 11–15–68."

On December 26, 1968, plaintiff wrote to the Chief of the above-named Branch (see Affidavit Exhibit E) inquiring among other things,

"What are the criteria by which I allegedly 'do not meet the standards for such appointment' in the Public Health Service?"

The reply (Affidavit Exhibit F) to this inquiry did not disclose the requested criteria.

The record before me is silent on the Department's reasons for its determination that plaintiff did not meet the standards for appointment to the Commissioned Corps or the CORD Program of the Public Health Service.

Plaintiff's assertion that the Department's determination was based upon considerations of "national security" following a security investigation appears to be no more than his own speculative conclusion unsupported by substantial evidence.

In March 1969 plaintiff was reclassified I-A by his Local Board. He anticipates an order to report for induction "pursuant to the practices and procedures of the Selective Service System pertaining to physicians."

Plaintiff states in his affidavit (p. 5):

"In view of the facts and sequence of events set forth above, it is clear that the determination that I did not meet the standards for a commission in the Public Health Service was based upon considerations of 'national security' following an investigation of the type prescribed by Executive Order No. 10450 and the Personnel Security Regulations of the Department of Health, Education & Welfare."

Plaintiff claims (par. 17 of Amended Complaint) that he has fully met the standards for appointment as a Commissioned Officer in the Public Health Service as prescribed by statute and regulation.

Plaintiff also claims (par. 24 of Amended Complaint) that the statute (Act of August 26, 1950, 64 Stat. 476),[1] the Executive Orders, and Personnel Security Regulations of the Department pursuant to which the alleged security investigation was conducted by the Department, are illegal in that for various asserted reasons they violate the First, Fifth, Ninth, and Tenth Amendments to the Constitution.

Plaintiff claims (par. 25(c) of Amended Complaint) that but for the acts of defendants he would have been permitted to pursue his residency in medicine at Boston City Hospital under the CORD Program until July 1970 pursuant to a deferment issued for that purpose by his Local Selective Service Board, and that as a result of the acts of the defendants he was reclassified by his Local Board into I-A and "will, following the normal practices and procedures of the Selective Service System, be ordered to report for induction into the Army as a physician * * *."

Plaintiff did not appeal from the classification I-A assigned to him by his Local Board. He does not claim, nor does it otherwise appear, that there is no basis in fact for such classification.[2]

---

1. The provisions of this Act expressly apply to employees or to persons whose employment was terminated under the provisions of the Act. They appear to have no relevancy whatever to the plaintiff's case.

2. 50 App.U.S.C. § 460(b) (3):
"* * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution

Plaintiff does not claim, nor does it appear, that his Local Selective Service Board or the Secretary of the Army has done or is doing anything to prevent the plaintiff from obtaining the commission he seeks. It does not appear that either the Local Board or the Secretary of the Army has any authority to grant the commission, or to require the Department of Health, Education, and Welfare or any other person to do so.

The power of appointment is vested in the President.[3]

Assuming this Court has jurisdiction, and has the power to order the President to issue the commission to the plaintiff, and assuming that after a trial on the merits it is decided that plaintiff was denied a commission upon considerations of national security, and assuming further it is decided that the security investigation was conducted in a manner that violated plaintiff's constitutional rights, it does not necessarily follow that plaintiff would then be entitled to the commission he seeks. It may well be that no vacancies are open in the program at that time, or that other applicants found to be as well or better qualified than the plaintiff are available for appointment.

This case is materially different from the case where the holder of an office, employment or commission is suspended or removed in asserted violation of his constitutional rights.

In the case before me the plaintiff has never held office, employment or commission in the Public Health Service. He has never been found qualified for appointment by the appointing authority. He has not shown that he would probably be found qualified for appointment and be granted a commission in the Public Health Service if he succeeds in establishing that he has been denied a commission for security reasons and that the security investigation violated his constitutional rights.

█ It is clear that a mere application for a commission in the Public Health Service, even while pending, does not entitle the applicant to exemption from military service.[4]

█ The plaintiff has failed to show that there is a reasonable probability

instituted under section 12 [Title 50 App. § 462], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

3. 42 U.S.C. § 204 provides:
"There shall be in the Service a commissioned Regular Corps and, for the purpose of securing a reserve for duty in the Service in time of national emergency, a Reserve Corps. All commissioned officers * * * shall be appointed without regard to the civil-service laws * * *. Commissioned officers of the Reserve Corps shall be appointed by the President and com-

missioned officers of the Regular Corps shall be appointed by him by and with the advice and consent of the Senate. * * * "
42 U.S.C. § 209(c):
"Commissions evidencing the appointment by the President of officers of the Regular or Reserve Corps shall be issued by the Secretary under the seal of the Department of Health, Education, and Welfare."

4. Title 50 App.U.S.C. § 456(b) (3):
" * * * [N]o person *who* * * * (C) *has served* for a period of not less than twenty-four months * * * as a commissioned officer in the Public Health Service * * * shall be liable for induction for training and service under this Act [the Selective Service Act] except after a declaration of war or national emergency made by the Congress subsequent to the date of enactment of this title [June 24, 1948]." (Emphasis supplied.)

that he will ultimately prevail in this litigation. On the basis of what is presently before the Court it is highly improbable that he will prevail.

In these circumstances the issuance of a preliminary injunction against the Secretary of the Army or the Local Selective Service Board is not justified.

The plaintiff's motion is denied.

